IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01736-WDM-KMT

GEORGE CHAMBERS,

    Plaintiff,

v.

PROWERS COUNTY HOSPITAL DISTRICT, (d/b/a Prowers Medical Center), and
QUORUM HEALTH RESOURCES LLC,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Motion for Leave to Extend Scheduling Order Deadline to Allow Expert Witness Disclosure" ("Mot.") (Doc. No. 55) filed June 5, 2008. Defendants filed their response on June 13, 2008 (Doc. No. 57). No reply was filed. This matter is ripe for review.

On November 16, 2007, Magistrate Judge Kristen L. Mix entered a Scheduling Order setting the deadline for expert disclosures at April 1, 2008, and the deadline for rebuttal expert disclosures at April 29, 2008. (Doc. No. 14.) Magistrate Judge Mix also set the discovery deadline at May 16, 2008. (*Id.*) On May 7, 2008, the parties filed a stipulated motion for extension of time to complete depositions, and this court granted an extension of time until May 23, 2008. (Doc. Nos. 45, 52.) On May 16, 2008, the parties filed another stipulated motion for extension of time to complete depositions, and this court granted a further extension until June 7,

2008, to complete depositions, noting that no further extensions would be granted. (Doc. Nos. 47, 54.)

Although Plaintiff states he identified the need for an economist expert in the Scheduling Order, Plaintiff failed to serve any initial or rebuttal expert disclosures, nor did he file a motion to seek an extension of time to do so until the filing of this motion, over one month after the deadline for the filing of rebuttal expert disclosures. (Mot. ¶ 1.) Plaintiff now seeks an order extending the expert witness deadline set forth in the Scheduling Order to allow him to submit his expert witness disclosure, which he has attached to his motion. (*Id.*) Plaintiff seeks to disclose an economist expert witness to "express an opinion as to Plaintiff's economic damages, specifically, Plaintiff's lost wages, front and back, and a loss of benefits." (*Id.* ¶ 2.) Plaintiff states his good cause for the request is that a trial date has not yet been set, and the trial will not be set until November 7, 2008. (*Id.* ¶ 3.) Plaintiff also states that Defendants will suffer no prejudice because of his admittedly late disclosure because they previously have obtained all documents and information, via Plaintiff's Rule 26 disclosures and via subpoenas issued by Defendants to Plaintiff's current employer, related to the calculation of Plaintiff's lost wages, back and front, as well as lost benefits. (*Id.*) Plaintiff asserts that Defendants had recently taken depositions of two employees of Banner Health, Plaintiff's current employer, and, therefore, Defendants have all of the information upon which Plaintiff's expert relies. (*Id.*) Plaintiff seems to assert that he could not disclose his economist expert until after the deposition transcripts of the two Banner Health employees were completed — on May 19, 2008. (*Id.*)

A Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (2008). In addition, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b).

Good cause has been interpreted to mean:

> [T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension. Since the scheduling order is entered early in the litigation, this standard seems more appropriate than a "manifest injustice" or "substantial hardship" test.

*Jorgensen v. Montgomery*, 2007 WL 3119549, at *3 (D. Colo. Oct. 19, 2007) (citing Advis. Comm. Notes for 1983 Amend.) In addition:

> Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

(*Id.*) (citing *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp 959, 980 (D. S.C. 1997).

In *Wason Ranch Corporation v. Hecla Mining Co.*, 2008 WL 793638, at *2 (D. Colo. Mar. 24, 2008), Magistrate Judge Michael E. Hegarty stated the requirement to establish excusable neglect under Rule 6(b) when a moving party seeks an extension of time to file a motion after expiration of a deadline mandated by the Scheduling Order:

> Excusable neglect requires Defendant to demonstrate good faith for the request and a reasonable basis for not complying within the specified period. *Four Seasons Secs. Law Litig. v. Bank of Am.*, 493 F.2d 1288, 1290 (10th Cir. 1974). A

3

finding of excusable neglect is appropriate if Defendant's late supplementation is due to "mistake, inadvertence or carelessness and not to bad faith." *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995). Whether the neglect is "excusable" depends upon the circumstances surrounding the failure, such as (1) any prejudice to the nonmoving party, (2) the length of delay and its affect on the judicial proceedings, and (3) the reason for the delay. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The reason for delay, including whether the moving party acted in good faith and whether the moving party was in control of the circumstances surrounding the delay, is the most relevant portion of this inquiry. *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). At its heart, "[t]he determination whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances." *Rittmaster v. PaineWebber Group, Inc. (In re PaineWebber Ltd. P'ships Litig.)*, 147 F.3d 132, 134 (2d Cir. 1998).

Here, although an economist expert might be helpful at trial, the Plaintiff's request comes too late. The court set the expert witness disclosure deadline at April 1, 2008, and the deadline for rebuttal expert disclosures at April 29, 2008. (Doc. No. 14.) Plaintiff failed to move for an extension of time to file his expert disclosure until over one month after the deadline for the filing of rebuttal expert disclosures. The parties were involved in discovery until June 7, 2007, yet Plaintiff never discussed his intention to seek an extension of time to belatedly disclose an expert witness. (Resp to Mot. at 2, Doc. No. 57.) Plaintiff's counsel, in his certificate of compliance with local rule 7.1A, states that he telephoned and emailed opposing counsel regarding this belated disclosure of an expert on June 5, 2007, the same day he filed his motion. (Mot. at 1.) Moreover, Plaintiff's suggestion that he could not disclose his economist expert until after the deposition transcripts of the two Banner Health employees were completed is disingenuous. The original discovery cutoff was set for May 16, 2008. (Doc. No. 14.) The parties did not file extensions of time to extend the discovery deadlines until May 5 and May 16,

4

2008. (Docs. 45, 47.) The parties did not seek an extension of time to disclosure experts beyond the original April 1, 2008, deadline, nor did the parties mention in their motions for extension of the discovery deadlines that they would need to extend the expert disclosure deadline in accordance with the extended discovery deadline. (*Id.*) Plaintiff has failed to give any valid explanation for his failure to timely disclose his expert witness. Furthermore, no showing has been made that Plaintiff could not have met the expert deadline through the exercise of reasonable diligence. *Jorgensen*, 2007 WL 3119549, at *3. For these reasons, I find Plaintiff has failed to show good cause for the extension of time to disclose an expert witness.

In addition, Plaintiff has not shown his failure to disclose experts was due to any mistake, inadvertence or carelessness, and not to bad faith. *Panis*, 60 F.3d at 1494. Plaintiff has failed to give any good reason for the delay. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. For these reasons, I find that the plaintiff also has failed to show excusable neglect to support his request to endorse an expert witness at this late date.

Therefore, for the foregoing reasons, "Plaintiff's Motion for Leave to Extend Scheduling Order Deadline to Allow Expert Witness Disclosure" (Doc. No. 55) is DENIED.

Dated this 6th day of October, 2008

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge